JOHN SOUTHERN V. THE STATE.

*No. 476. Decided February 20.*

1. **Counts in an Indictment—General Verdict, How Applied to.**—As a general rule, when there are several counts in an indictment, on the bringing in by the jury of a general verdict, the court will apply the verdict to any one of the several counts, and order judgment and sentence accordingly.

2. **Informal or Indefinite Verdict—Practice.**—Where the indictment contains more than one count, and the counts are for distinct offenses, and the jury return a general verdict, the proper practice is to retire the jury, with a suggestion that they indicate by their verdict the count upon which they found defendant guilty.

3. **Same—Where the Offenses are Distinct—Practice.**—When an indictment contains two or more counts for two or more distinct offenses, though a general verdict of guilty will operate as a conviction upon all, still it is but just that the defendant, on request, should have separate findings, or at least have the jury in some way pass upon each count by itself. But when a general verdict is returned in such a case, and no request has been made by defendant, and the court, without objection, after interrogating the jury, changed their verdict with their consent by inserting the crime so as to make it apply to the first count, and the evidence justified a conviction upon such count, *Held*, no possible injury to defendant or prejudice to his rights being made to appear, he has no ground for complaint.

APPEAL from the District Court of Grayson. Tried below before Hon. DON A. BLISS.

This appeal is from a conviction for theft of property over the value of $20, with punishment assessed at five years in the penitentiary.

The opinion states the case as far as it is necessary to be stated.

No briefs for appellant have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The appellant in the above case was tried in the District Court of Grayson County on an indictment in two counts, the first of which charged him with the theft of a watch of the value of $20, and the second charged him with the theft of the same watch from the person of the owner. The jury trying the case found him guilty, and assessed his punishment at confinement in the penitentiary for a term of five years.. There are no assignments of error in the record, and the only question in the bills of exception that requires an answer is the action of the court in receiving and correcting the verdict of the jury.

As stated, the indictment contained two counts, the first charging a general theft of the watch, and the second charged a theft of the watch from the person of the owner. No motion was made requiring an election as to which count the prosecution would proceed upon, and the court charged the jury upon both counts. The jury subsequently returned into court with the following verdict, to wit: "We, the jury, find the defendant guilty as charged in the indictment, and assess his

punishment at confinement in the penitentiary for the term of five years." The judge thereupon asked the jury of what offense or on which count they found defendant guilty. They replied, "Of both." The judge then suggested it would be best to indicate which offense or count they found defendant guilty upon, and he then interlined or inserted in the verdict, after the word "guilty," the following words, "theft of property of the value of twenty dollars." And judgment and sentence were accordingly entered up on the first count of the indictment. And on account of this action of the court the defendant complains, and now seeks to reverse the judgment of the lower court. On the bringing in of the verdict by the jury, if the court was not satisfied with it, unquestionably it would have been the proper practice to have had the jury retire with a suggestion to indicate by their verdict upon which count they found defendant guilty. That was not done, but does it therefore follow that what was done should cause a reversal of the case? Of course, if the statement of facts did not show a proper conviction of defendant on the first count, a different question would be presented; but the statement of facts in this case justifies a conviction of defendant on the first count of the indictment, and so we look at the case as one of possible injury to defendant, or in which his rights were in any measure prejudiced by the action of the court. It is the general doctrine of the authorities, that where there are several counts in an indictment, on the bringing in by the jury of the general verdict the court will apply the verdict to any one of the several counts of the indictment, and order judgment and sentence accordingly.

Mr. Bishop, in his Criminal Procedure (volume 1, section 1014), says: "Since in the criminal law a count whereon the finding is silent may, by the better opinion, be disregarded, so likewise it would seem may be a count where a general verdict by the court applied to other counts. Consequently, if the evidence at the trial did not tend to support a particular count, or such count is bad, yet the jury have returned a general verdict of guilty on the whole, the court, not always through the formality of an amendment, but sometimes simply at the sentence, applies the verdict to—in other words, treats it as rendered on—the other and good counts, to which alone the judgment by its terms is made to attach." And again, the same author says (section 1015a): "Where the indictment is for an offense only, charged in separate counts, the jury can not be required to pass on each count by itself, but they may bring in a general verdict of guilty or not guilty on the whole. Yet where the counts are for distinct offenses, though a general verdict of guilty will operate as a conviction of all, still it has been held, and in reason just, that the defendant is entitled, on request, to have separate findings returned upon them, or at least to have the jury in some way pass upon each count by itself." While the counts in this case were distinct offenses, no request was made, either before the jury retired or after they returned with their verdict,

to have them pass upon each count by itself; nor was any objection made at the time to the action of the court in interrogating the jury as to which count they found upon, and in changing their verdict so as to make it apply to the first count. As stated before, the charge of the court properly instructed the jury with reference to the law on the two counts, and the purpose and effect of the charge was to indicate to the jury to state in their verdict, in case they found the defendant guilty, upon which count they returned their verdict. They did not seem to so understand the charge, and returned into court a general verdict. It was entirely competent for the court to have received this verdict, and, from his recollection or notes of the evidence, to have applied the verdict to the count proven, and to have directed judgment and sentence accordingly; and if the court had this authority, we fail to see why the judge did not have the authority to inquire of the jury, as he did, upon which count they had found, and, on their general or indefinite answer, to make the suggestion to them to return their verdict upon the first count, in which suggestion they acquiesced. Or if the court and jury did not have this authority at the time to so treat the verdict, then the action of the court may be treated as if it had not been done, and rejected as null and void, and the verdict in such case considered in the form in which it was originally brought in —as a general verdict; and the court then had the right (as exercised) to apply the verdict to the first count, and enter judgment and sentence accordingly.

We have before remarked that the statement of facts in this case sustains the verdict of the jury as applied to the first count, and there appearing no error in the case, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.