SUBURBAN ELECTRIC COMPANY, PLAINTIFF IN ERROR, v. EDWARD NUGENT, ADMINISTRATOR OF CHRISTIAN OTTO, DECEASED, DEFENDANT IN ERROR.

1. In an action for personal injury, the plaintiff, in order to recover damages, must do more than show the possible responsibility of the defendant for the injury. In the absence of direct evidence he must show the existence of such circumstances as would justify the inference that the injury was caused by the wrongful act of the defendant, and exclude the idea that it was due to a cause with which the defendant was unconnected.
2. A person using a public street has a right to presume that it is free from dangerous obstacles, and the mere fact that he receives injury by coming in contact with such an obstacle, does not warrant the conclusion that he contributed to the injury by his own negligence.

---

On error to the Union Circuit Court.

For the plaintiff in error, *Foster M. Voorhees* and *Frank Bergen.*

For the defendant in error, *Richard V. Lindabury.*

The opinion of the court was delivered by

GUMMERE, J.   Christian Otto, the intestate of the defendant in error, was a member of the police force of the city of Elizabeth, and at the time of his death was engaged in patrolling Washington avenue and other streets in that city.   His dead body was found lying upon the corner of Washington avenue and Pearl street, about three feet from the base of one of the electric light poles of the plaintiff in error, which was standing there.   This suit was thereupon brought by the defendant in error against the electric light company to recover from it the pecuniary loss sustained by the widow and children of the intestate by reason of his death, the plaintiff's claim being that decedent's death was caused by an electric shock received from an exposed wire upon the said electric light pole, and due to the improper construction and maintenance of the defendant company's electric light plant at that point.

On the trial, at the close of the plaintiff's case, there was a motion to nonsuit, which was refused by the trial court, and upon this refusal error is assigned.   The grounds upon which it is claimed the motion to nonsuit should have prevailed are —*first,* that the evidence failed to show anything more than that the defendant was possibly responsible for the death of Otto; and *second,* that if it be considered that the evidence warrants the conclusion that his death was attributable to the defendant, the facts also demonstrate that he contributed by his own negligence to the accident which caused his death.

It must be conceded that the plaintiff below was bound to show something more than that the defendant was possibly responsible for the decedent's death in order to entitle him to a verdict.   It was incumbent upon him, in the absence of direct evidence of that fact, to show not only the existence of

such possible responsibility, but the existence of such circumstances as would justify the inference that the death was caused by the wrongful act of the defendant, and would exclude the idea that it was due to a cause with which the defendant was unconnected. *Bond* v. *Smith,* 113 *N. Y.* 378 ; *Houston* v. *Traphagen,* 18 *Vroom* 23. And this, it seems to me, he has done. No one was present when the decedent came to his death, and therefore there was no direct evidence to show how it was caused ; but it appeared from the plaintiff's proofs that there was fastened upon the pole at the foot of which decedent's body was found, a reel, around which was wound a wire rope used for the purpose of raising and lowering one of the defendant's arc lamps ; that the reel was about on a level with the top of a man's head, and that the wire rope around it was practically uninsulated and was heavily charged with electricity. It also appeared that the *post-mortem* examination of decedent showed all his organs to have been in a normal condition ; that his death was not caused by disease of any kind ; that there was upon his left hand, and running all the way across it, a freshly-made burn, about one-sixth of an inch in width, and that the blood was in an abnormal state, its condition being such as is found in the bodies of persons who have died from electric shock.

These facts, unexplained, not only make it reasonable to suppose that the decedent came to his death through having touched with his hand the uninsulated wire upon the reel which was fastened to the defendant's electric light pole and thereby received a fatal shock, but exclude any other inference. For such a death the defendant was plainly responsible. It was using, in the public streets of Elizabeth, an agency dangerous to human life, and it was bound to take every reasonable precaution to protect the public, while using those streets, against injury from that agency. The maintaining upon a reel, which was fastened to an electric light pole so near to the ground as to be within easy reach, of an uninsulated wire heavily charged with electricity, was, in my judgment, a gross neglect of the duty which it owed to the public.

The first ground upon which the refusal to nonsuit is attacked is without force, and cannot prevail.

Nor is the objection that the decedent's own carelessness contributed to the injury which caused his death more tenable. There was nothing in the plaintiff's case to show under what circumstances he received the shock which killed him, and nothing, therefore, upon which his negligence could be predicated. It did not appear that he had knowledge that the wire was not properly insulated, or that it was charged with electricity, and he, as well as every other member of the public, was justified in presuming that this company had so constructed its electric light line, and was so maintaining it, that it would not be a source of danger to persons using the street. *Durant* v. *Palmer,* 5 *Dutcher* 544; *Houston* v. *Traphagen,* *supra.*

Whether the decedent was guilty of negligence in coming into contact with this live wire, depended entirely upon the circumstances under which it was done. Such negligence cannot be presumed from the mere fact of his having done so, and as there was nothing else in the plaintiff's case to indicate carelessness on the part of his intestate, the motion for nonsuit was without support on this ground also.

The judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, BARKALOW, HENDRICKSON, NIXON. 12.

*For reversal*—None.