FRED G. BRUNK v. THE STATE.

No. 10820.  Delivered May 12, 1927.

Rehearing denied April 25, 1928.

Second motion for rehearing denied May 30, 1928.

**1.—Violating City Ordinance—Occupation Tax—Held Invalid.**

Where the city of Memphis, by an ordinance, attempted to levy an occupation tax upon a tent show operated by appellant, greater than it is permitted to do by statute or by the Constitution, that part of the ordinance requiring appellant to pay a $50.00 license fee before pursuing the occupation of running a tent show in said city is invalid. See Art. 7047, R. C. S., and Sec. 1, Art. 8, State Constitution.

**2.—Same—City Ordinance—Within Police Power—Sustained.**

However, a city ordinance, which seems based entirely on the ground that no one can operate and run a tent show in said city within three hundred feet of a business house, without being subject to prosecution, such fire limiting ordinances and those of like purpose and character seem well within the police power of a city, and we believe in this case the ordinance forbidding such carnival or tent show within the named distance from the business houses, residences, etc., in Memphis is constitutional.

ON REHEARING.

**3.—Same—Continued.**

Under Arts. 961 and 962, R. C. S., 1925, the city of Memphis had the power to forbid the operation of a tent show within a certain distance of business houses in the limits of said city, was within the proper exercise of its police power. This principle is notably true with reference to places of amusement. See Art. 1015, Sec. 9, and Art. 1061, R. C. S., 1925, and authorities cited in opinion on rehearing.

ON SECOND MOTION FOR REHEARING.

**4.—Same—Ordinance Not Discriminatory.**

In an application for leave to file a second motion for rehearing, appellant presents that the ordinance in question is discriminatory between theatrical exhibitions in tents and those exhibited in regularly established theaters.

**5.—Same—Continued.**

With this contention we are unable to agree. It is not shown by the record that the ordinance in question discriminates in favor of some members of a certain class, as against other members of that class, similarly situated. If it does not operate upon those who conduct theaters in business houses it is plainly because the latter do not belong to the same class as the former, and such a distinction does not appear unreasonable or discriminatory. To our minds there exists ample reason for a distinction between the two, and the matter will be denied.

Appeal from the County Court of Hall County. Tried below before the Hon. A. C. Hoffman, Judge.

Appeal from a conviction for violating a city ordinance, penalty a fine of $110.

The opinion states the case.

*Fitzgerald & Grundy* of Memphis, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in County Court of Hall County for violating a city ordinance, punishment a fine of $110.

The city of Memphis, Texas, has fewer than five thousand people and is incorporated under the General Laws. An ordi-

nance was regularly passed by proper authority making it unlawful to sponsor or run a street carnival or tent show in said city without first obtaining a permit, for which a license fee of $50 was necessary, as well as $5.00 per day for each extra police officer deemed needful during the continuance and because of the presence of said carnival or tent show. A provision of said ordinance also forbade such show to operate within three hundred feet of any business house, residence, etc., within the city limits. One of the provisions of said ordinance provides that if any part of the entire ordinance be held invalid, this should not affect the remainder.

Appellant was prosecuted for a violation of the terms of this city law, two counts appearing in the complaint—one charging the running of a tent show without a permit; and the other that same was run within three hundred feet of certain business houses within the said city. The judgment of guilt was general and can, therefore, be applied to either count, if one be for any reason held bad and the other good.

We are inclined to the view that the city of Memphis is without power to enact an ordinance fixing a fee of $50.00 for a permit to pursue the occupation of operating a tent show or carnival within its limits. Mr. Bouvier says that a permit is a license to do something not forbidden by law. He also says that a license is an official permit to carry on some trade or business, and that a license fee is a tax. See also Hoefling v. San Antonio, 85 Texas, 228. A tax for carrying on a business or trade seems an occupation tax. It is provided in Sec. 1, Art. 8 of our Constitution, that cities and towns may not levy an occupation tax in amount exceeding one-half that levied by the state upon such occupation or trade. Art. 7047, Revised Civil Statutes, enumerates certain trades and occupations, etc., upon which such tax is levied by our state law. Carnivals are named in Subd. 25 of said article, and under certain conditions an annual tax of $50.00 is placed upon them. A tent show is not specifically named in said subdivision or in said article, but from the statement of facts in this case we perceive that appellant possessed a tent in which he gave dramatic performances or plays participated in by actors and for seeing which an admission fee was charged, and this seems covered by the provisions of Subd. 25 of said article, which sets forth that from "any exhibition" whatever which charges a fee, a tax of $10.00 for each performance, or if same be open continuously during the day, an annual tax of $50.00 shall be levied. We are not favored with any brief on behalf of the city of Memphis and

are cited to no authorities holding contrary to our view of this matter, and believing that said city has attempted to levy an occupation tax upon the calling of appellant, greater than it is permitted to do by statute or by the Constitution, we are constrained to hold that that part of the ordinance requiring appellant to pay a $50.00 license fee before he can pursue the occupation mentioned in said city, is invalid. This disposes of the offense covered by the first count in the complaint.

As to the other count, however, which seems based entirely on the ground that no one can operate and run a tent show in said city within three hundred feet of a business house without being subject to prosecution, we believe appellant properly held liable in this case. Fire limiting ordinances and those of like purpose and character seem well within the police power of a city, and we believe in this case the ordinance forbidding such carnival or tent show within the named distance from the business houses, residences, etc., in Memphis, is constitutional. No question being raised as to the regularity of the passage of such ordinance, and none as to the fact that appellant did operate his tent show within the forbidden distance of business houses, and no claim that the punishment fixed is not within that set by said ordinance, we must therefore apply the judgment of conviction to the second count in the complaint.

The judgment is affirmed. *Affirmed.*

Morrow, P. J., absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — Memphis is a town of 600 inhabitants and is incorporated under Arts. 961 and 962, R. S., 1925. The ordinance under consideration reads in part as follows:

"Section 6. It shall be unlawful for any carnival or tent show to operate and no permit shall be issued for any carnival or tent show to operate within a space of three hundred (300) feet from any business house, residence, school or church building within the city limits of the City of Memphis, Texas."

"Section 11. This law shall not apply to street fairs composed of local people for purely charitable purposes and without profit."

After the passage of the ordinance, part of which is quoted above and while (if legal) it was in effect, the appellant conducted a tent show consisting of dramatic performance or play

in a tent. He used his own tent set up on a vacant lot. Several actors and actresses participated, and an admission fee was charged. The exhibition took place within 300 feet of several residences and business houses of the city. There were two regularly-established theaters showing in permanent buildings within the corporate limits of the city, occasionally exhibiting dramatic performances. Both were situated within 300 feet of residences and business houses. These establishments were housed and regularly run, and had been charged by complaint with no violation of the law. The facts are brief and in the form of admissions of both the appellant and the state.

We will dismiss the question of discrimination arising from the face of the ordinance with the statement that Sec. 11 applies to "street fairs," while Sec. 6, as applied to the appellant, relates to "tent shows." That the two sections operate upon entirely different subjects seems obvious.

The sole legal question is that which challenges the power of the city to forbid the operation of a "tent show" within the limits prescribed in Sec. 6. That by a proper ordinance enacted within its charter powers, a city, in the exercise of the police power, may exclude particular occupations from certain parts of its corporate limits, is well settled. See Ruling Case Law, Vol. 19, p. 818, Sec. 123. Many illustrations are found in the published reports of this and other states. See Ruling Case Law, supra, pp. 818 to 852, notably Sec. 157, relating to markets; also Newsom v. City of Galveston, 76 Texas Reports, 559, 7 L. R. A. 797; Ex Parte Canto, 21 Tex. Crim. App. 61, 17 S. W. 155. This principle is notably true with reference to places of amusement. See R. C. L. supra, p. 867, Sec. 169. The principle is announced in Dillon on Municipal Corporations (5th Ed.), Vol. 2, Secs. 665 and 666. The subject of the ordinance in question seems within the scope of the charter powers of the city. In Title 28, Chap. 4, R. S., 1925, there is conferred upon the city council of cities organized under that title, numerous powers, among them, the right to control the location of business establishments. See Art. 1015, Sec. 9. In Art. 1061, R. S., 1925, many specific powers are conferred with reference to controlling the erection and location of structures for the prevention and reduction of fire hazards.

In the trial of the present case, no effort seems to be made by the statement of facts to acquaint this court of any general conditions existing in the city which would characterize the ordi-

nance as void and nothing upon its face condemns it.    The legal presumption is in favor of its validity.

The motion for rehearing is overruled.

*Overruled.*

ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR
REHEARING.

MARTIN, JUDGE.—Appellant complains that neither in the original opinion herein nor in the opinion on motion for rehearing was the question discussed of a discrimination against theatrical exhibitions in tents such as that of appellant and in favor of such exhibitions showing in regularly established theaters.

The ordinance in question appears to operate alike upon all persons similarly situated.    Nowhere in the record is it shown that the ordinance in question discriminates in favor of some members of a certain class as against other members of that class similarly situated.    A tent show because of fire hazard and of the noise attendant upon its operation is such as to make it the proper subject of a regulatory ordinance like the one in question.    If it does not operate upon those who conduct theaters in business houses, it is plainly because the latter do not belong to the same class as the former and such a distinction does not appear to be unreasonable or discriminatory. To our minds there exists ample reason for a distinction between the two.

The motion will be denied.

*Motion denied.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.