CLAUDE BRIGGS V. THE STATE.

No. 11179. Delivered November 23, 1927.

1.—Possessing Equipment, Etc.— Charge of Court — Submitting Plural Counts—Held Proper.

Where an indictment contains two counts, both of which are submitted in the charge of the court, and a general verdict is returned assessing the lowest punishment and the court applies such verdict to one of the valid counts in the indictment, sufficiently supported by the evidence, this action is not erroneous. See Hooper v. State, 101 Tex. Crim. Rep. 336, and Coursey v. State, 97 Tex. Crim. Rep. 47.

**2.—Same—Reforming Judgment—Rule Stated.**

The trial court has the authority to enter an order reforming a judgment, where a general verdict is returned, so as to make the verdict apply to the valid count having support in the evidence. Following Davidson v. State, 86 Tex. Crim. Rep. 243.

**3.—Same—Charge of Court—On Accomplice Testimony.** ·

In his charge on accomplice testimony the court in this case used practically a literal copy of the charge set out as correct in Branch's P. C., Sec. 709. This charge does not sufficiently nor accurately state the law as a general proposition, and we again call the attention of trial courts to this fact. See Standifer v. State, 84 Tex. Crim. Rep. 437, and other cases cited.

**4.—Same—Continued.**

The giving of such charge, however, is not reversible error where the evidence, aside from that of the accomplice, is sufficient to support the conviction, as in the instant case. See Watson v. State, 90 Tex. Crim. Rep. 26.

Appeal from the District Court of Panola County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for possessing equipment for the purpose of manufacturing intoxicating liquor, penalty one year in the state penitentiary.

The opinion states the case.

*P. P. Long,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—The indictment against appellant is in two counts, the first charging appellant with the unlawful possession of equipment for the manufacture of intoxicating liquor capable of producing intoxication, and the second with the unlawful manufacture of intoxicating liquor. A general verdict of guilty was returned into court, assessing punishment at one year's confinement in the penitentiary. Judgment was entered applying the verdict to the first count of the indictment. This action of the court is assigned as error.

Where a general verdict of guilty is returned assessing the lowest punishment, and the court applies such verdict to one of the valid counts in the indictment, sufficiently supported by the evidence, his action is not erroneous. Hooper v. State, 94 Tex. Crim. Rep. 278; Meadors v. State, 101 Tex. Crim. Rep. 336; Coursey v. State, 97 Tex. Crim. Rep. 47.

We think this court would have authority to enter an order reforming a judgment in cases of this· character so as to make

the verdict apply to the valid count having support in the evidence. Davidson v. State, 86 Tex. Crim. Rep. 243. In the instant case ample evidence is shown in the record to sustain the first count, and appellant's assignment is therefore overruled.

The state in the trial of this case used the evidence of an accomplice. The court's charge on accomplice testimony is practically a literal copy of the charge set out as correct in Branch's Penal Code, Sec. 709. This charge does not sufficiently or accurately state the law as a general proposition and we again call the attention of trial courts to this fact. A further discussion would only be a useless repetition of a matter already exhaustively discussed. See Standfield v. State, 84 Tex. Crim. Rep. 437; Walker v. State, 94 Tex. Crim. Rep. 653; Abbott v. State, 94 Tex. Crim. Rep. 31.

The giving of such a charge, however, is not always reversible error. In this case the sheriff and his deputy testified to facts against appellant sufficient, in our opinion, under proper instructions from the court to sustain a verdict of guilty without the testimony of the accomplice. Under such circumstances, the error, if any, was harmless. Watson v. State, 90 Tex. Crim. Rep. 576; Walker and Howard v. State, 104 Tex. Crim. Rep. 26.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.