CATHERINE SCULLION, ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF JAMES SCULLION, DE-
CEASED, PLAINTIFF-APPELLEE, v. LIVE WIRE BUILD-
ING AND LOAN ASSOCIATION, A CORPORATION OF
THE STATE OF NEW JERSEY, DEFENDANT-APPEL-
LANT.

Submitted May term, 1936—Decided October 9, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the plaintiff-appellee, *Frank P. McCarthy.*

For the defendant-appellant, *Townsend & Doyle* (*Mark
Townsend* and *Thomas F. Doyle,* of counsel).

PER CURIAM.

This is the defendant's appeal from a judgment recovered
by the plaintiff in the Hudson County Court of Common
Pleas. The plaintiff sued under the Death act as adminis-
tratrix *ad prosequendum* of the estate of her deceased hus-
band, James Scullion, who met his death as the result of a
fall down the stoop of a building owned by the defendant.
The deceased and the plaintiff had been visiting a niece of
the plaintiff, who lived in the apartment house in question,
and were leaving the premises at about eleven-thirty at night,
when the accident occurred.

The plaintiff described the happening in these words:
"Well, my husband opened the door for me and he went out

first and he got three feet ahead of me onto the fifth step from the sidewalk and he went straight down to the sidewalk. Fell down \* \* \*." She further said that he "didn't slip," but the court struck this out as a conclusion. On cross-examination, she testified that it had been raining that night; that her husband was not wearing rubbers; that it was raining as she and the deceased left the premises at the time of the accident; that it was dark, the steps were wet, and there was no street light near.

The only other witness whose testimony had any bearing on the accident was a police officer, George Sofield. He was patrolling his beat across the way, heard a cry, and came over to the decedent. The officer helped him to his feet and the injured man said to him, "I fell down the steps." As a result of his fall, the decedent suffered fractured ribs on the left side, from which bronchial pneumonia developed, as a result of which he died.

The theory of the plaintiff's claim against the defendant is that the defendant was guilty of negligence in the construction of the stoop; that the steps thereof, risers and treads, did not conform to the standard of construction required at the time the building was erected and that this negligence was the proximate cause of the happening. There was testimony from which a jury might conclude that the treads and risers of the stoop were less in width and height than is customary in buildings of this type.

Reversal of the judgment is asked because the trial court declined to grant defendant's motion for nonsuit. We think the motion should have been granted for the reason that in the evidence we find no proof that the failure of the steps to conform to the standard of construction was the proximate cause of the happening complained of, nor do we think the proof supports an inference that the construction of the steps was the proximate cause of the happening. The plaintiff, in order to recover, must show something more than that the defendant was possibly responsible for the happening, and in fact must show the existence of such circumstance as would justify the inference that the death was caused by the

wrongful act of the defendant and would exclude the idea that it was due to a cause with which the defendant was unconnected. *Suburban Electric Co.* v. *Nugent,* 58 *N. J. L.* 658; 34 *Atl. Rep.* 1069. We do not think she has sustained this burden.

In the present case it appeared that the decedent started down the steps, the place was dark, and the steps wet from the rain which was even then falling. He reached the third step from the top and fell. There was a failure of any proof that would tend to exclude the idea that the happening was due to a cause with which the defendant was unconnected.

The judgment is reversed, and a *venire de novo* allowed.