## ROBERT E. TAUBERT V. THE STATE.

No. 22567.  Delivered December 8, 1943.
Rehearing Denied January 26, 1944.

The opinion states the case.

*McClanahan & Loughridge,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for negligent homicide, punishment being by fine of $100.00.

Appellant waived a jury and his case was tried before the court, which resulted in a general judgment of guilty.

Appellant sought to have the complaint and information quashed. He complains, first, because his motion to that end was overruled. The information, following the complaint, alleged that appellant was engaged in the lawful act of driving a motor vehicle upon a highway in Bexar County, and that he was guilty of negligence in three particulars. In substance, it is averred that (a) he failed to keep a proper lookout for Dorothy Lee Pollard, who was upon said highway; (b) that he failed to have the motor vehicle which he was driving under proper control, and (c) that he failed to guide said motor vehicle away from said Dorothy Lee Pollard; that as a result of said acts of negligence he drove said motor vehicle into and against an automobile in which Dorothy Lee Pollard was a passenger, inflicting upon her injuries which caused her death. Other averments bring the case under negligent homicide of the first degree. Arts. 1231-1236, P. C. We are inclined to think meritorious appellant's criticism of the second averment of negligence, viz: that he failed to have his motor vehicle under proper control. It is a well-recognized principle in criminal pleading that an indictment or information should charge the acts or omissions thought to constitute an offense with sufficient particularity to advise an accused of the specific acts of misconduct he will be required to meet upon the trial. The mere statement of a conclusion is not sufficient. See Williams v. State, 12 Tex. Cr. App. 395. Many acts might be committed, or omitted, which would place the motor vehicle out of proper control. The accused would scarcely know from the general charge here found what act or omission on his part the State would seek to prove as sustaining its averment of want of proper control. In Cooper v. Ajax Distributors, Inc., 192 Atl. Rep. 614, the Superior Court of Delaware held that the mere allegation that a party operated his motor vehicle "without having the same under full and complete control" was not sufficient to inform the party of the charge he was required to meet. We think the court should have sustained appellant's motion to quash in so far as the second alleged ground of negligence was concerned; at least, no judgment of convic-

tion should have been predicated on said ground of alleged negligence.

If we be right in the conclusion as to the insufficient averment as to the second ground of negligence, it does not necessarily follow, however, that a reversal of the judgment is demanded. If there was any way to apprise us that the judgment of conviction was based upon said ground of negligence, of course, a reversal would be called for. The case was tried before the court. We have no conclusions of fact advising us upon what grounds of negligence the court predicated his action. A general judgment of guilty by the trial court is all this court has to guide it in the premises. Where a case is tried before the court a general judgment of "guilty" is the same as a general verdict of "guilty" where the case has been tried before a jury and more than one count in the indictment or information has been submitted by the court in his charge to the jury. The rule in such case is that if some counts are bad and some are good, and all are submitted to the jury, and a general verdict of "guilty" is returned, the court will apply the verdict to any one of the good counts which finds sufficient support in the evidence. See Briggs v. State, 108 Tex. Cr. R. 169, 300 S. W. 56; Southern v. State, 34 Tex. Cr. 144, 29 S. W. 780; Brunk v. State, 109 Tex. Cr. R. 474, 6 S. W. (2d) 353. The opinion in the case last cited as reported does not show that the case was tried before the court; however, an examination of the original record does reveal such to be true. There were two counts in the information charging violation of a city ordinance. One count was held bad, the other good. Upon a general judgment of "guilty" by the court it was applied to the good count. So, in the present case, there being a general judgment of "guilty" by the court, it should be applied to such averments of negligence as are sufficient if they find support in the evidence. Under such application of the principle controlling we think appellant's contention that the evidence does not support the judgment may not be sustained.

We are inclined to the view that the evidence does not sustain the averment that appellant was negligent in not keeping a proper lookout.

We refer to Hernandez v. State, 112 Tex. Cr. R. 363, 16 S. W. (2d) 817, regarding the third ground of negligence averred. There, practically the same language was employed as is found in the complaint and information now before us, and the same was held good as against a motion to quash. It is true that in the case mentioned the accused was prosecuted for aggravated as-

sault, death not having resulted from the injuries. However, the prosecution was under Article 1149, P. C., which provides:

"If any driver or operator of a motor vehicle or motorcycle upon the public highways of this State shall wilfully, *or with negligence,* as is defined in this title in the chapter on negligent homicide, collide with or cause injury less than death to any other person upon such highway, he shall be held guilty of aggravated assault, and shall be punished accordingly unless such injuries result in death, in which event he shall be dealt with under the general law of homicide." (Italics ours).

The State's evidence upon said third averment of negligence is to the effect that the car in which the deceased was riding had entered Culebra Road, crossed the center line of the pavement and turned east before the collision occurred. The evidence for appellant was to the effect that the car in which the deceased was riding turned east before crossing the center line and was approaching appellant's car head on and that appellant swerved to the left in an effort to avoid the collision. The evidence for appellant furnished a basis for the conclusion that the death of the young lady resulted from one of those unfortunate accidents free from criminal negligence, but the trial court found otherwise. The State's evidence supports the third averment of negligence which is thought to be sufficiently alleged, and under the general rule as herein discussed, the judgment of conviction must be applied to such pleading. This result must follow under the legal rules controlling even though we might entertain some doubt regarding the facts, otherwise this court would be substituting its judgment on fact issues which are to be determined by the jury or by the trial judge when the facts are submitted to him without a jury.

For the reasons stated, the judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant attacks the third averment of negligence in the complaint and information herein wherein appellant was charged with negligence "* * * (c) in failing to guide said motor vehicle away from the said Dorothy Lee Pollard as a man of ordinary care and prudence would then and there have done under like circumstances, and the said Robert E. Taubert without an apparent intention to kill, but there being then and there an apparent danger of causing the death of the said Dorothy Lee

Pollard, or some other person by reason of said act and acts of negligence, and while so driving and operating said motor vehicle as aforesaid, did then and there and thereby carelessly, negligently and unlawfully, drive and operate said motor vehicle" * * * against an automobile in which the girl was riding, and thus caused her death.

It is contended by appellant that the pleadings of the State should have particularized in what way or manner appellant drove his motor vehicle, this being a case of negligent homicide. He admits the validity of the reasoning in the Hernandez case, quoted in the original opinion, in so far as a prosecution for aggravated assault would lie, but contends that when one is prosecuted under the latter portion of Art. 1149, P. C., as quoted in the original opinion, then a different rule of pleading applies. In other words, in a complaint for an aggravated assault thereunder it is not necessary to plead explicitly the acts relied upon as negligence; not so, however, when the injuries thus inflicted resulted in death. We are not in accord with such a doctrine. Again, we think that the pleadings of the State herein do set forth in plain and intelligible words the complained of act of negligence, that is that appellant failed to guide his motor vehicle away from Dorothy Lee Pollard as a man of ordinary prudence would have done, and did carelessly and negligently drive his motor vehicle against an automobile in which the girl was riding, and thus caused her death. We are unable to see what further allegation was necessary to be made by the State. Such seems to have particularized the acts of negligence clearly enough to show that appellant negligently drove into a car containing this girl and thereby killed her. We think the allegations properly charge negligent homicide in the first degree.

We see no merit in this motion, and no reason to recede from the views expressed in the original opinion. The motion will therefore be overruled.