Lucille R. LINDSAY and Mercantile Trust Company, a Corporation, Co-Executors of the Estate of Lota Clarkson Marshall, Deceased, Appellants,

v.

Albert F. WILLE and Mayfair Hotel Company, Inc., a Corporation, Respondents.

No. 47748.

Supreme Court of Missouri, Division No. 2.

July 10, 1961.

1

George F. Torrey, Frank Lee, Thomas M. Hayes, Jr., St. Louis, for appellant.

James J. Amelung, Holtkamp, Miller, Risch & Amelung, St. Louis, for respondent A. F. Wille.

F. Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for respondent Mayfair Hotel Co.

PER CURIAM.

This suit for $35,000 damages for personal injuries, filed by Lota Clarkson Marshall against Mayfair Hotel Company, Inc., and A. F. Wille, a patron of the hotel, resulted in a directed verdict for both defendants at the close of plaintiff's case. Plaintiff died pending her appeal, and upon the suggestion of her death the co-executors of her estate, Lucille R. Lindsay and Mercantile Trust Company, were substituted as appellants.

Mrs. Marshall's petition alleged that she was a paying guest; that as she was leaving the first floor lobby through a glass revolving door leading to the sidewalk on the St. Charles Street side of the hotel she was thrown, knocked down and injured through the combined negligence of the corporate and individual defendants. She charged negligence against the respective defendants as follows:

"That the Defendant A. F. Wille was negligent and careless at said time and place, in that he pushed and shoved and caused to be propelled the said large glass revolving door while Plaintiff was in said door and knocked it against her person so negligently and carelessly causing her to be propelled to the floor and to the ground.

"That the Defendant Mayfair Hotel Co. Inc. was negligent and careless at said time and place in the following respects, to-wit:

"(a) In permitting and allowing said Defendant A. F. Wille to so negligently and carelessly shove and push and propel said door directly into plaintiff.

"(b) In not preventing said Defendant A. F. Wille from so pushing and shoving and propelling said revolving door so negligently and carelessly into Plaintiff.

"(c) In not affording Plaintiff some help, care, or assistance, in going through and out of said revolving door, when it was known by said Defendant that Plaintiff was elderly and of advanced years, and was using a cane, and further, that Plaintiff was a frequent patron of said hotel operated by said Defendant."

Separate answers were filed denying negligence and pleading contributory negligence as a defense.

In support of their single point on appeal—that the court erred in directing a verdict for defendants—appellants assert that a prima facie jury question of negligence and causation was made "where the evidence disclosed that plaintiff was in a rotating door, slowly pushing it, that no one else except defendant Wille was in the door, that the rotating door suddenly moved forward fast and plaintiff was hit in the back and knocked forward 'like a stick without her knees bending' onto the sidewalk."

In determining this point we state the evidence in the light most favorable to appellants, Cohagan v. Laclede Steel Co., Mo. Sup., 317 S.W.2d 452, giving them the benefit of all reasonable inferences arising

therefrom. Perry v. Dever, Mo.Sup., 303 S.W.2d 1, 4.

Mrs. Marshall, a 73-year-old widow lady, resident of Charleston, was driven to St. Louis in her automobile. She spent three days in the city on business, staying as a guest at Mayfair Hotel. On the day of question, July 17, 1958, desiring to leave the city, she checked out, paid her bill, made arrangements for the bellboy to bring her luggage to the lobby, and sat in the lobby to await the arrival of her automobile at the St. Charles Street entrance. When Eddie, the doorman, announced the arrival of the car Mrs. Marshall turned to the bellboy with her luggage, said "My car is here," arose, walked across the lobby to the metal revolving door, and entered the door. There was no one between her and the door when she started for the door. She was carrying a cane, and had her purse in her hand. The door consisted of four quarters, with a glass partition in each of the four sections. A person could see through the glass. There was a "kick plate" below the glass. The door was stationary when Mrs. Marshall entered it. At that time there was no one else in the door. She put her hand on the crossbar; started the movement of the door; started pushing the door; started moving through. She was looking through the glass out toward St. Charles Street as she went through the door. She did not push hard. She walked slowly— at her regular gait. When she got in the door "all of a sudden" she "felt something hit" her in the back, near the shoulders. "The bar on the door"—"that rod in that part back" of her—hit her in the back, so hard she was "just knocked out." The next thing she knew she fell on her left side on the rubber pad in front of the door, on the sidewalk side of the door. She was knocked down. She had been through five revolving doors that morning. She had been through this same door on each of the three days she had been a guest at the hotel. Excerpts from defendant Wille's deposition were read into the record as admissions against interest, by which the following facts were developed: Wille, a guest at the hotel, was aware of the accident involving Mrs. Marshall. He was in the revolving door in the compartment behind Mrs. Marshall. He could see her in the section directly ahead of him, although he could not see the lower portion of her legs because of the kick bar. He did not have his glasses on at the time. He was leaving the hotel, intending to get into his car and drive to his home in Moberly. The door was revolving; Wille was completely within his quarter section of the door and had taken a few steps, when he saw Mrs. Marshall go down. He did not see the door strike her back, but the door bumped her. Wille believed that the door bumped against her heels and caught her off balance and she fell forward. At the moment he saw her falling forward he "grabbed the door." Her knees did not bend—she fell over "like a stick." After she fell down he "had to stand there"; he could not get out of the door because he was "caught between the openings." After Mrs. Marshall was assisted to her feet, Wille heard Mrs. Marshall make a remark (not disclosed by the record) to which Wille responded: "I didn't have my cotton picking hands on the door."

Under "Points and Authorities" appellants assert error in sustaining the motions of both defendants for a directed verdict. In their argument appellants maintain that a prima facie case was established "as to at least one defendant," without saying which defendant. The transcript indicates that at the trial plaintiff's counsel admitted that no case had been made against the hotel company. In their argument appellants advance no reason why the case should have gone to the jury as to the hotel company. We nevertheless have reviewed the case as to both defendants. Our review leads us to the conclusion that no submissible case was made against either defendant on any theory.

■ No case was made against the hotel company on the theory that it permitted

Wille to shove, push or propel the door into Mrs. Marshall, or failed to prevent this from happening. Under the facts shown the hotel company owed Mrs. Marshall no duty to anticipate or prevent injury at the hands of Wille. The occupant of a business property is not liable for the misconduct or negligent acts of third persons who are not acting under its direction or control or which it reasonably could not have anticipated or guarded against. Rush v. Townsend & Wall Co., Mo.Sup., 343 S.W. 2d 44, 50; Tuttle v. Kline's, Inc., 230 Mo. App. 230, 89 S.W.2d 676; Wiedanz v. May Department Stores Co., Mo.App., 156 S.W. 2d 44, 48; Annotation: Injury to Customer by Crowd, 20 A.L.R.2d 49; Smith v. Johnson, 219 Mass. 142, 106 N.E. 604, L.R.A. 1915F, 572.

■ Nor was a case made against the hotel company on the theory that the latter failed to help and assist Mrs. Marshall through the door. Under ordinary circumstances and in the absence of any showing that a revolving door is defective, or inherently dangerous, or unsafe when properly used by persons passing through it, there is no duty on the part of a hotel proprietor to station an attendant at or near a revolving door to supervise its use, control its operation or see patrons safely through the door. Tuttle v. Kline's, Inc., supra; Wiedanz v. May Department Stores Co., supra; Annotation, Revolving Doors—Injuries By, 169 A.L.R. 1353; Sterns v. Highland Hotel Co., 307 Mass. 90, 29 N.E.2d 721.

■ Nor did Mrs. Marshall make a submissible case against individual defendant Wille. Appellants claim to have made a case against Wille on the basis of the testimony that Mrs. Marshall was in the door, slowly pushing it; that "no one else except defendant Wille was in the door; that the rotating door suddenly moved forward fast" and plaintiff was hit in the back and knocked forward. In support of the claim appellants cite Salmons v. Dun & Bradstreet, 349 Mo. 498, 162 S.W.2d 245, 247, 141 A.L.R. 674, as "factually similar

to the instant case." That case, however, is fundamentally different and is to be distinguished from this for the reason that in Salmons there was direct evidence that the third person's body came into contact with and hit the revolving door. Mrs. Salmons testified that she "saw Jacobs [defendant's employee] 'hit the door with his shoulder'; * * * saw 'his shoulder against the door'; that at that time she [plaintiff] had not 'touched any part of the door' * * *." Here there is a complete absence of direct evidence, and no legally sufficient circumstantial evidence, that defendant Wille so much as touched the door, or did or started to do anything which might have caused the sudden movement, much less that he hit, pushed, shoved or propelled the door. This void in the proof, a vital defect, was not filled by any inference which reasonably could be drawn. Negligence is not assumed, but must be established by proof. In the absence of substantial evidence establishing negligence there is a presumption that a defendant exercised due care. Davidson v. Hennegin, Mo.Sup., 304 S.W.2d 836, 839. A plaintiff has the burden of proving every essential element of the case, including that of proximate causation. Osterhaus v. Gladstone Hotel Corporation, Mo.Sup., 344 S.W. 2d 91, 94. While negligence and causation may be proved by circumstantial evidence, the facts and circumstances proven must be such that the facts necessary to support a verdict reasonably must follow, and the desired conclusion may not depend upon guesswork, conjecture and speculation. The law will not countenance the drawing of forced or violent inferences which do not arise from a reasonable interpretation of the facts actually shown. The proof should have a tendency to exclude every reasonable conclusion other than the one desired. These rules were lately restated in Osterhaus v. Gladstone Hotel Corporation, supra, 344 S.W.2d, loc. cit. 94, in a quotation from Hogue v. Wurdack, Mo. App., 298 S.W.2d 492, 498, an opinion supported by many authorities. Circumstantial evidence which is merely consistent with

the desired conclusion is not sufficient. Dugan v. Rippee, Mo.App., 278 S.W.2d 812, 815; 32 C.J.S.Evidence § 1039, p. 1101. A mere possibility that a person charged with negligence committed a negligent act is not sufficient. The circumstances in evidence must prove as a reasonable *probability* that the person sought to be charged is the one who performed the negligent act. Elgin v. Kroger Grocery & Baking Co., 357 Mo. 19, 206 S.W.2d 501, 506. We cannot reach a conclusion by "theorizing upon assumed factual premises outside of and beyond the scope of the evidence," Brawley .v. Esterly, Mo.Sup., 267 S.W.2d 655, 659, or supply missing evidence. Kirks v. Waller, Mo.Sup., 341 S.W.2d 860, 863.

■ Applying these rules, there was nothing shown in Mrs. Marshall's case from which it reasonably could be concluded that defendant Wille committed some act of negligence, or caused the injury. From the mere fact that Wille was in the section behind Mrs. Marshall and that no one else was in the door when Mrs. Marshall *entered* the door, and that there was a sudden movement while Wille and Mrs. Marshall were proceeding through the door, it may not be inferred that Wille negligently pushed, shoved, or propelled the door, and that he thereby caused the sudden movement preceding Mrs. Marshall's fall. Such a conclusion does not reasonably follow from these bare facts. Such an inference would be forced, and would rest upon mere guesswork and speculation. It is not any more probable that Wille's hand, shoulder or body pushed, etc. and thereby caused the sudden movement in some way, than that some other human agency did it. The fact that Wille was nearby and that it was within the realm of possibility that he did something to cause the unusual movement is not enough to fasten liability upon him. In Suburban Electric Co. v. Nugent, 58 N.J.L. 658, 34 A. 1069, 32 L.R.A. 700, 701, it was pointed out that the plaintiff in a circumstantial evidence case "was bound to show something more than that the defendant was possibly responsible for the decedent's

death, in order to entitle him to a verdict. It was incumbent upon him, in the absence of direct evidence of that fact, to show not only the existence of such possible responsibility, but the existence of such circumstances as would justify the inference that the death was caused by the wrongful act of the defendant, and would exclude the idea that it was due to a cause with which the defendant was unconnected." There was no tendency in the proof to exclude other equally reasonable conclusions. Some other person coming through the revolving door from the sidewalk side, entering the door *after* Mrs. Marshall entered, could easily have been the cause of the unusual movement. The casualty occurred between 12:30 and 1 o'clock, during the lunch hour, at a time of day when (according to plaintiff) "it is quite busy around there in the lobby of the hotel." The doorman and the bellboy, both of whom were in the immediate vicinity, could have done whatever was done, just as readily as Wille. Their whereabouts and actions after Mrs. Marshall entered the door were not accounted for in plaintiff's case. Where the evidence affords no more than equal support for two or more inconsistent and contradictory inferences as to the ultimate and determinative fact, liability is left in the field of conjecture and there is a failure of proof. Osterhaus v. Gladstone Hotel Corporation, supra, 344 S.W.2d, loc. cit. 94. The plaintiff in another revolving door case, Feith v. Kresge Department Store Corp., 114 N.J.L. 286, 176 A. 386, testified that after she entered the revolving door and as she was standing there she "got a terrible blow on the right side" that opened the door, drove her through it and threw her onto the floor. The Court of Errors and Appeals, upholding the granting of a nonsuit, commented, 176 A., loc. cit. 387: "It will be observed that there is not a word in this testimony to indicate any definite act by any person which caused plaintiff to be thrown out on the floor. * * * Plaintiff's testimony may consist with several hypotheses, as for example, that some other customer

pushed a wing of the door into her from behind, or that the footman moved it with his hand and moved it too fast, or even that plaintiff herself gave it such a push that it struck her from the rear. But there is nothing that points to any particular hypothesis or tends to raise any particular inference as to what in fact happened as the result of any human agency. * * * In short, the case is barren of evidence from which negligence may be inferred."

No submissible case against either defendant having been established, the judgment of the circuit court is affirmed.