Edward SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 41000.

Court of Criminal Appeals of Texas.

Jan. 24, 1968.

On Motion to Reinstate Appeal Feb. 21, 1968.

O'Connor & Brister, Lubbock, for appellant.

Fred E. West, Lubbock, Carson Smith and Jack Layne, Asst. Dist. Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

## OPINION

The offense is possession of wine in a dry area for the purpose of sale.

Trial was before the court on a plea of not guilty.

The judgment dated June 15, 1967, recites: "The Court finds the defendant guilty as charged and assesses his punishment at a fine in the amount of $35.00. Pat Moore, Judge Presiding," but adjudges that the state "recover of the Defendant Edward Smith the said fine of $350.00 and all costs * * *."

Sentence pronounced September 13, 1967, recited that the punishment was assessed at a fine of $350.00, together with all costs * * * and remanded appellant to the custody of the sheriff "to be confined until all such costs and fines are paid and said term of imprisonment has expired."

■ The state moves that the appeal be dismissed. The only notice of appeal which is reflected by the record was that given in open court entered June 21, 1967, on which date bond on appeal was signed and approved.

Art. 44.08(c) Vernon's Ann.C.C.P. requires that notice of appeal in cases such as this be given or filed within 10 days after sentence is pronounced. Notice of appeal prior to sentence does not meet such requirement. Hollingsworth v. State, Tex. Cr.App., 419 S.W.2d 854.

The state's motion is granted and the appeal is dismissed.

## OPINION

## ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

DICE, Judge.

On January 24, 1968, we dismissed the appeal in this cause for the reason that notice of appeal was given prior to sentence rather than within ten days after sentence was pronounced, as provided by Art. 44.08 (c), V.A.C.C.P.

In our opinion dismissing the appeal, attention was directed to the recitation in the court's judgment assessing appellant's punishment at a fine in the amount of $35.00 and to another recitation in the judgment that the state recover of the appellant a fine of $350.00. Attention was also directed to the sentence pronounced by the court which recited that the punishment was assessed at a fine of $350.00.

■ By supplemental transcript it is now shown that on January 30, 1968, with permission of the court, granted under the authority of Art. 44.08(e), V.A.C.C.P., appellant duly gave notice of appeal in open court.

The appeal is, accordingly, reinstated.

■ Under the record, the judgment must be reversed because the assessment of punishment by the court at a fine of $35 is less than the minimum punishment of a fine of $100 provided by Art. 666–41, V.A. P.C., for the offense. Henderson v. State, 167 Tex.Cr.R. 112, 318 S.W.2d 898; Bradshaw v. State, Tex.Cr.App., 331 S.W.2d 52; Clardy v. State, Tex.Cr.App., 415 S. W.2d 423.

The judgment is reversed and the cause is remanded.