

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 8, 1977

The Honorable Cue D. Boykin                    Opinion No. H-1012
Chairman
Texas Industrial Accident Board               Re: Whether governmental
Austin, Texas 78711                            bodies are exempt from tax
                                               imposed by article 8306,
                                               § 28 on workmen's compen-
                                               sation self-insurers.

Dear Mr. Boykin:

     You have requested our opinion concerning whether govern-
mental bodies are constitutionally exempt from the payment of
the gross premium tax imposed by section 28 of article 8306,
V.T.C.S.

     Article 8309h, V.T.C.S., provides for workmen's compen-
sation for political subdivisions. Section 2(a) permits such
subdivisions to become self-insurers. Section 3(a)(1) in part
adopts section 28 of article 8306. Section 28 of article 8306
provides for a gross premium tax upon insurers and further
states:

> All self-insurers under any of the Workmen's
> Compensation Acts of the State of Texas
> shall report to the State Board of Insurance
> the total amount of their medical and indem-
> nity costs for the previous year and pay a
> like amount of tax as provided above on said
> total amount of medical and indemnity costs.

Moneys received pursuant to section 28 of article 8306 "shall
be used by the [Industrial Accident] Board for the purpose of
paying costs of the administration of the law. . . ." The pro-
visions of section 28 as adopted by article 8309h clearly apply
to self-insuring political subdivisions. You have asked if
such an application is constitutional.

     In State v. City of El Paso, 143 S.W.2d 366 (Tex. 1940),
the court upheld the application of a motor fuel tax to the
city of El Paso. After reviewing article 8, section 1, and

p. 4180

article 11, section 9 of the Texas Constitution, the court stated:

> [T]he . . . constitutional provisions . . .
> operate to exempt municipal corporations
> from only three classes of taxes. These
> are ad valorem taxes, occupation taxes,
> and income taxes.

Id. at 369. Compare, Lower Colorado River Authority v. Chemical Bank & Trust Co., 190 S.W.2d 48 (Tex. 1945) (holding unconstitutional a tax upon the property of the Authority) with State v. City of El Paso, supra. The view expressed by the City of El Paso court has been followed. City of San Antonio v. San Antonio Independent School District, 535 S.W.2d 671 (Tex. Civ. App. -- El Paso 1976), aff'd., 20 Tex. Sup. Ct. J. 130 (Jan. 5, 1977); Wichita County Water Improvement District No. 2 v. City of Wichita Falls, 323 S.W.2d 298 (Tex. Civ. App. -- Ft. Worth 1959, writ ref'd n.r.e.).

The tax imposed by section 28 is clearly not an ad valorem or income tax. Nor may it be classified as an occupation tax, which "is levied for the exercise of the privilege of carrying on a business." Youle v. Calvert, 348 S.W.2d 534, 535 (Tex. Civ. App. -- Austin 1961, writ ref'd n.r.e.); Brunk v. State, 6 S.W.2d 353 (Tex. Crim. App. 1927). See also Attorney General Opinion WW-204 (1957). Accordingly, the Constitution does not protect governmental bodies from its application; in our opinion self-insuring political subdivisions are liable for the tax provided in section 28 of article 8306.

### S U M M A R Y

Political subdivisions which are self-
insurers under article 8309h of the Work-
men's Compensation laws are liable for
the tax provided in section 28 of article
8306.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw