### Jesse W. Wilson v. The State.

Justices of the Peace had not jurisdiction, under the Act of 1848, finally to try any offence, on the voluntary appearance and confession of the offender, without complaint; and therefore, a *conviction* by a Justice, in such a case, was no bar to another prosecution for the same offence.

Appeal from Walker.   Tried before the Hon. Peter W. Gray.

*W. A. Leigh,* for appellant.   The 16th Section of the Act of 1848, defines the manner in which the jurisdiction of the Justice 'may be brought into operation ; it is by complaint in writing, under oath, made to the Justice by any person, by view, or by confession, that a crime has been committed.

*Attorney General,* for appellee.

LIPSCOMB, J. This was an indictment for an assault and battery, against the appellant. He plead, first, a former conviction before a Justice of the Peace, in the following form, i. e.,—And now comes the said defendant and says, that he has, before the finding of this indictment, and before the commencement of this Term of the Court, been formally tried and convicted of the offence charged in said indictment, by and before M. C. Rogers, a Justice of the Peace in beat No. 4 of Walker county ; that he went voluntarily before the said Justice and acknowledged his guilt, and that said Justice examined a witness in the case ; that he was fined by said Justice in the sum of one dollar, and charged with the costs ; that the said fine and costs have been paid, and that said Justice has certified the fact of said final trial and payment of said fine and costs, to this Term of the Court, and before the commencement of the same, &c. And he also plead not guilty. To the first plea, the District Attorney demurred ; which was sustained by the Court. There was a trial and conviction on the second, and judgment awarded, from which defendant appealed.

The sustaining the demurrer to the plea of a former conviction is assigned for error.

There is no question, but a Justice of the Peace has jurisdiction to try offences of assault and battery, of an ordinary character, when properly brought before him. The question is, can this jurisdiction be exercised, on the voluntary appearance and confession of the offender ? The first Statute giving jurisdiction in such cases, is that of 1846. In its terms, it might be regarded as allowing the exercise of this jurisdiction, on the confession of the party offending, although it is not so clear that it does so. It is the 5th Section of the Act, and is as follows : That any Justice of the Peace shall, by warrant under his hand, cause any person or persons charged on oath, or which may come to his knowledge by view or *confession*, of having been guilty of a breach of the peace, assault and battery, assaults, riots and affrays, to be *brought before him for trial,*

&c. It is not clear, that under the portion of the Act cited, a voluntary appearance, without warrant, would give jurisdiction to try the offence. The word *confession* has been thought to authorise such voluntary appearance. The Act of 1848 repeals the Act of 1846, and in the 25th Section of the Act, (Hart. Dig. Art. 1712,) in giving the jurisdiction to the Justices of the Peace to try and finally adjudicate such cases, omits the words *view* or *confession* used in the former Act, giving and directing the exercise of jurisdiction; and it is not an unreasonable presumption, that the omission was designed to prevent and forbid the exercise of jurisdiction in cases of the voluntary appearance of the offender. We know that an abuse of the law has sometimes been attempted, by making a voluntary appearance before a Justice of the Peace, confessing the offence and procuring a judgment before the Justice could be apprised of the enormity of the offence. Some cases of an aggravated offence have been brought before this Court, and we have held that the judgment of the Justice of the Peace was not a bar to an indictment. We believe that a fair construction of the Act of 1848 does not authorise the Justice of the Peace to try and finally adjudge the case of the offender, on his voluntary appearance and confession, without warrant issued against him. Should an ordinary offence of this kind be committed in the presence of t.e Justice, there is no question but he would have authority to issue his warrant and have the offender brought before him, and try and give judgment; but not on the voluntary appearance and confession of the offender.

From the character of the appellant, and the fact that the jury assessed his fine at the small sum of one dollar, we believe that the assault could not have been an aggravated one, and that if the jurisdiction of the Justice of the Peace had been legally brought into exercise, it would have been a proper case for the exercise of his jurisdiction; but believing that it was not so brought before him, the judgment of the District Court must be affirmed. Judgment affirmed.