Opinion delivered June 18, 1887.

No. 5577.

CHARLES TAYLOR *v*. THE STATE.

1. BURGLARY—INDICTMENT for burglary need not allege the non consent of the owner or occupant to the entry of the house.
2. SAME.—But to be sufficient, an indictment for burglary must allege the elements of the felony or theft intended to be committed, with the same particularity that is required in charging directly the intended offense. Indictment, to charge theft, and, therefore, to charge burglary to commit theft, of property belonging to two or more owners, must, to be sufficient, negative the consent of each of the owners, and not merely their conjoint consent, unless a separate possession and ownership of the property in two or more persous is to be charged, as was the case in Smith v. The State, 21 Texas Court of Appeals, 96. The indictment in this case charged that the intent was to take the property of B. and H., without *their* consent, and was bad.

APPEAL from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.

The conviction was of burglary, and the penalty assessed was a term of two years in the penitentiary. The opinion discloses the case.

No appearance for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It is usual but not essential in an indictment for burglary to allege that the breaking and entering was without the consent of the owner or occupant of the house. (Smith

v. The State, 22 Texas Ct. App., 350; Buntain v. The State, 15 Id., 485.) In this particular the indictment before us is not bad; but in another particular we think the indictment is fatally defective.

It is well settled that an indictment for this offense must allege the felony or theft intended to be committed, with same particularity as would be required in an indictment directly charging such felony or theft. Such intended felony or theft must be described with all its statutory ingredients. (Reed v. The State, 14 Texas Ct. App., 662; Treadwell v. The State, 16 Id., 643). In this case, therefore, in alleging the intended theft it was essential to properly negative the consent of the owners of the property intended to be taken. The pleader has attempted to do this by alleging that the defendant intended to fraudulently take the personal property of J. W. Bilgen and R. Y. Holman without *their* consent. Such allegation is insufficient. When there are more owners than one, an indictment for theft must allege that the taking was without the consent of *either* of said owners. (McIntosh v. The State, 18 Texas Ct. App., 284; Taylor v. The State, Id., 489.)

When a separate possession and ownership of the property in two or more persons is charged, as was the case in Smith v. The State, 21 Texas Court of Appeals, 96, this rule does not obtain; but the indictment before us charges a joint possession and ownership of the property intended to be stolen, in two persons, and, such being the case, it did not charge an intended theft, because it did not exclude the conclusion that *one* of the joint owners might have consented to the taking, but only that they did not *jointly* consent to it. If but *one* of the owners had consented to the taking, there would have been no theft, notwithstanding they might not *jointly* have consented thereto.

Because, in our opinion, the indictment is fatally defective, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*