James **JENKINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 67381.

Court of Criminal Appeals of Texas, Panel No. 1.

May 6, 1981.

Robert Huttash, State's Atty., Austin, for State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

DALLY, Judge.

Our prior opinion is withdrawn.

This is an appeal from a conviction for the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated, Art. 6701*l*–1, V.A.C.S.; the punishment is a fine of $445.

■ The appeal is submitted on the record without briefs. Having reviewed the record in the interest of justice, Art. 40.09, Sec. 13, V.A.C.C.P., we find that in light of the punishment assessed by the trial court, the judgment must be reversed and the cause remanded for reassessment of punishment.

Art. 6701*l*–1, V.A.C.S., in pertinent part provides:

"Any person who drives or operates an automobile . . . upon any public road or highway in this State . . . while such person is intoxicated . . . upon conviction shall be punished by confinement in the county jail for not less than three (3) days . . . *and* by a fine of not less than Fifty ($50.00) Dollars . . . ." [Emphasis added.]

The minimum mandatory punishment for this offense must include confinement in the county jail for three days. Since no imprisonment in jail was assessed by the trial court, the punishment assessed was less than the minimum provided by law. See *Gassoway v. State*, 385 S.W.2d 386 (Tex.Cr.App.1965); *Mendez v. State*, 379 S.W.2d 333 (Tex.Cr.App.1964); *Gilliland v. State*, 342 S.W.2d 327 (Tex.Cr.App.1961).

The judgment is reversed and the cause remanded to the trial court for reassessment of punishment.