Charles B. **MERSIOVSKY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–81–004–CR.

Court of Appeals of Texas,
Tyler.

May 27, 1982.

Rehearing Denied July 8, 1982.

---

528

William M. House, Jr., Palestine, for appellant.

Bascom Bentley, County Atty., Palestine, for appellee.

McKAY, Justice.

This is an appeal from a conviction for driving a motor vehicle upon a public highway while intoxicated. Appellant pleaded not guilty, and the jury assessed punishment at eighteen (18) months confinement in the Anderson County Jail and a fine of $500.00.

Appellant brings four grounds of error. Appellant's first contention is twofold. Appellant initially contends the blood sample taken from him while he was in the hospital was obtained without his effective consent. Appellant's consent is required only if he was under arrest at the time the blood sample was taken. *Bennett v. State,* 522 S.W.2d 507, 509 (Tex.Cr.App.1975). In determining if appellant was under arrest, several factors need to be considered, including the subjective intent of the law

enforcement officials, the subjective belief of the suspect, whether the focus of the investigation had centered on the suspect, and whether there was probable cause to arrest appellant. *Gonzales v. State,* 581 S.W.2d 690, 691 (Tex.Cr.App.1979).

Nothing in the record supports appellant's assertion that he was under arrest at the time the blood sample was taken. Appellant had an automobile wreck and was carried to the Palestine Hospital by ambulance. The investigating officers traveled to the hospital by car. There is no evidence that any officer attempted to restrain appellant or prevent appellant from leaving the hospital. Likewise, no evidence or testimony is in the record either from appellant or the police officers that appellant was ever detained while he was in the hospital. We therefore conclude that under the facts of this case appellant was not under arrest; thus, the chemical analysis of his blood was admissible. *Darland v. State,* 582 S.W.2d 452, 454 (Tex.Cr.App.1979).

Secondly, appellant contends the results of the chemical analysis of the blood sample were inadmissible. Appellant argues that the State failed to prove chain of custody because the blood itself was not introduced into evidence; rather, the only evidence produced by the State was the chemist's testimony regarding the results of his analysis on the blood.

Highway Patrol Officer David T. Raymer, III testified he observed the nurse prepare appellant's arm and withdraw blood from it. Raymer stated he witnessed the entire process and thereafter took possession of the vial. After taking possession of the vial, the officer labeled the vial, sealed it, placed it in a cardboard box and mailed it to the laboratory of the Department of Public Safety in Waco, Texas.

The Department of Public Safety chemist, Charles Mott, testified that he received appellant's blood specimen in mail which was delivered to the Waco office of the Department of Public Safety, and that receiving such items of evidence in the mail was standard procedure. Mott further tes-

tified that his examination of the blood sample revealed it contained 0.18% alcohol. He testified that the name on the sample was Charles Bryan Mersiovsky. He further testified there was no way to confuse appellant's blood sample with some other blood sample. From these facts, we find the State has proved the chain of custody of the blood sample, and that the chemist's testimony concerning the results of the chemical analysis was admissible. Appellant's first ground of error is overruled.

Appellant's second ground of error contends there was insufficient evidence to support the verdict because he was never properly identified in court as the actual perpetrator of the offense. We find no merit in appellant's contention. Officer Raymer identified appellant as the "man there with the blue shirt on at the counsel table" and another witness, Yvonne Dodd, stated that appellant was "sitting there at the counsel table next to his attorney."

In *Rohlfing v. State,* 612 S.W.2d 598, 601 (Tex.Cr.App.1981) where similar in court identifications were made, the court stated:

Absent any indication, prior to appeal, that the jury may have been misled by the in-court identification procedure, we will not presume that some person other than appellant may have been identified and that the jury nonetheless chose willfully to convict appellant without evidence that he was the sole perpetrator of this offense.

Appellant's second ground of error is overruled.

Appellant's next ground of error contends the trial court committed reversible error in assessing punishment less than the minimum provided by law. We sustain this ground of error. Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1 (Vernon Supp. 1979), the statute under which appellant was charged, provides for a minimum mandatory fine of not less than $50.00 and three days confinement in the county jail up to a maximum of $500.00 and two years confinement in the county jail. The trial court's judgment found that the jury had assessed punishment at eighteen (18) months confinement

and a $500.00 fine. The trial court's judgment assessed punishment of eighteen (18) months confinement, but did not assess a fine.

We agree with appellant that the trial court's judgment should have reflected both the monetary fine and the period of confinement assessed by the jury in the county jail, and that where the court assesses punishment at less than the statutory minimum, we must reverse and remand. *Smith v. State,* 424 S.W.2d 228 (Tex.Cr.App.1968); *Gassoway v. State,* 385 S.W.2d 386 (Tex.Cr. App.1965); *Mendez v. State,* 379 S.W.2d 333 (Tex.Cr.App.1964). Our remand to the trial court, however, is not for a new trial; rather, it is for a reassessment of punishment. *Jenkins v. State,* 615 S.W.2d 231, 232 (Tex. Cr.App.1981).

■ Appellant's last ground of error contends the trial court committed reversible error by probating a portion of the jail time assessed by the jury. We sustain appellant's last ground of error. The jury assessed appellant's punishment at a $500.00 fine and eighteen (18) month confinement in the county jail. The court, however, probated twelve (12) months of the eighteen month jail sentence.

The law has been that when jail time and a fine have been assessed in a misdemeanor case, the jail time cannot be probated. *Puente v. State,* 579 S.W.2d 237 (Tex.Cr. App.1979); *Franklin v. State,* 576 S.W.2d 621, 624 (Tex.Cr.App.1978). In 1979, however, after the *Puente* decision, art. 42.13 of the Texas Code of Criminal Procedure dealing with misdemeanor adult probation was substantially amended. The new statute gives the trial court broad discretion in granting probation.[1] We do not believe, however, the new statute enables the trial court to probate appellant's jail time as he did.

Sec. 6b(a) of art. 42.13 specifically provides, "When the court having jurisdiction of the case grants probation to the defendant ... the court may require as a condition of probation that the defendant submit to a period of detention in jail to serve a term of imprisonment not to exceed thirty (30) days or ⅓rd of the sentence, *whichever is lesser.*" This provision gives the trial court specific guidelines to use if it chooses to grant probation and wants to require the defendant to serve a portion of his sentence. The trial court, upon a misdemeanor conviction, may either deny probation or suspend imposition of the entire sentence and at its discretion require the defendant to serve the lesser of one-third of his sentence or thirty (30) days. In the instant case the trial court granted probation, but failed to follow the guidelines of art. 42.13, sec. 6b(a). Such was error. We therefore reverse the judgment of the trial court and remand the cause for reassessment of punishment. *See Jenkins, supra.*

ON MOTION FOR REHEARING

In Mersiovsky's motion for rehearing he argues that we erred in concluding he was not under arrest. It is his position that he was under arrest when his blood sample was taken, that his blood sample was taken without his consent, and that the sample, therefore, was inadmissible.

Factors to consider in determining whether a suspect is under arrest are: (1) the subjective intent of the law enforcement officials; (2) the subjective belief of the suspect; (3) whether probable cause existed to arrest the suspect; and (4) whether the focus of the investigation had centered upon the suspect. *Gonzales v. State,* 581 S.W.2d 690, 691 (Tex.Cr.App. 1979). Moreover, whether the suspect was in fact restrained in any way or whether anyone would have attempted to restrain

---

1. Sec. 1 of art. 42.13 states:
   It is the purpose of this article to place wholly within the state courts of appropriate jurisdiction responsibility for determining when the imposition of sentence of certain cases shall be suspended, the conditions of probation, and the supervision of probationer ....

   Sec. 3c states:
   Nothing herein shall limit the power of the court to grant a probation of sentence regardless of the recommendation of the jury or prior conviction of the defendant.

him had he attempted to leave is a consideration. *Darland v. State,* 582 S.W.2d 452, 454 (Tex.Cr.App.1979).

Roy Patterson, an Anderson County deputy sheriff, testified that when he reached the scene of the accident, Mersiovsky smelled of alcohol and was semiconscious. Patterson opined that the alcohol, not the wreck, caused Mersiovsky's semiconsciousness.

Kenneth McIntire, a truck driver who pulled Mersiovsky from the wrecked car, testified that defendant smelled of alcohol and that there were two six packs of beer in the back seat.

Paul Wilford, a highway patrolman with the Department of Public Safety who investigated the accident, testified that the smell of alcohol permeated the vehicle even after Mersiovsky had been taken to the hospital. He stated that he and his partner went to the hospital after Mersiovsky had left in the ambulance and a wrecker had come to tow the car. He further stated that at the hospital Mersiovsky smelled of alcohol. He said his partner woke up Mersiovsky and that Mersiovsky's speech was loud and slurred. He testified that he and his partner suspected alcohol as the cause of the wreck.

David Raymer, Wilford's partner and the man in charge of the investigation, repeated the substance of Wilford's testimony. He added:

I asked Bryan if he would submit to a blood test. The purpose of the blood test is to obtain the alcoholic content. We usually would give a breathalyzer test but due to the fact that he was going to stay there in the hospital, I can't take the instrument to him and he couldn't leave the hospital. So the next test that we have is a blood test. It's a test that we used prior—the Highway Patrol used prior to the invention of the breathalyzer. When I talked to Bryan about that, he became very upset with me. He started talking about a previous DWI that had

been filed against him and he didn't want another one. I had told him that a DWI would be filed against him one way or the other with the blood test or without the blood test. He was upset and started cussing. Loud talking. But did agree to take a blood test. I had the oral consent from him to take the blood test. The hospital asked for a written consent through the hospital. It's not required by law. He did sign that and the blood test was taken.[1]

The above testimony is all that could possibly bear on the question of whether Mersiovsky was under arrest. Appellant's position is that Officer Rayner's statement to him that criminal charges for driving while intoxicated would be filed against him encompassed the subjective intent of the law enforcement officials, the subjective belief of the suspect, and whether the focus of the investigation had centered on the suspect. Appellant further urges that since Officer Rayner stated that Mersiovsky was intoxicated and that intoxication caused the accident, the factor of probable cause to arrest appellant was supplied. Thus, appellant argues it is clear he was under arrest. We do not agree that Officer Rayner's statements encompassed all of these factors.

Moreover, there is no testimony on whether any officer tried to restrain Mersiovsky, or would have attempted to restrain him had he tried to leave. Likewise, no evidence shows that any officer asked to be called before Mersiovsky was released from the hospital, or that Mersiovsky was in their custody.

We conclude that appellant was not under arrest.

Motion for rehearing overruled.

---

1. No one argues that Mersiovsky's consent was effective; his condition apparently rendered him unable to consent to anything.