Dozie **FREEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–81–0235–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 18, 1982.

Discretionary Review Refused June 2, 1982.

Randy Schaffer, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

The appellant was convicted of attempted murder in a trial before the court, who thereafter sentenced the appellant to forty years imprisonment upon his plea of "true" to one prior felony conviction alleged in the indictment for enhancement.

By his first ground of error, the appellant argues that the evidence offered at trial was insufficient to establish the corpus delecti of the offense charged. Appellant acknowledges that in his written statement to police, he stated that he shot Roy Grant with a pistol. However, appellant argues that aside from his statement, no probative evidence was introduced corroborating the confession.

Appellant's statement to the police, in relevant parts, is as follows:

"My name is Dozie Freeman Jr., I am 29 years having been born on November 24, 1951.

.    .    .    .    .

On January 5, 1981 around 9:00 p.m. Roy Grant, Rita and me were sitting in my room drinking: Roy and me got into an argument about records and old tools, belonging to Roy. Roy told me that I did not take care of them and I told him that I don't use his tools and I would give the records back to him. He told me that I gave the records to Shelia which I did not do.

.    .    .    .    .

One thing lead to another and (sic) end up in my mother's room. I reached up

under a pillow that was in a chair and got the pistol. I shot at him the first time. I missed him the first time, the second time I shot at him he broke and ran. I kept on firing the pistol until he fell to the floor. After I shot Roy I told my mother to call for an ambulance and my mother told me to leave the house until everything is over with. I told my mother that I wasn't going to leave. There isn't really no reason why I did not tell the officers, at the time, about the shooting. I did what mother told me to do and stayed out of the house.

I can read and write and after reading the above statement I find it true and correct to the best of my knowledge."

At trial, the only testimony presented was that of two police officers, who both testified for the State.

Paul Stavinoha, a patrolman for the Houston Police Department, testified that on January 5, 1981, he went to 2411 McKee Street in Houston in response to a "shooting-ambulance call." He observed a person whom he learned to be Roy Grant inside the residence at that address. He observed two shots in the back, one in the wrist, and one in the stomach. Appellant was not present at the time. He did not observe any weapons on or near the wounded person. Over a hearsay objection that was not ruled on by the trial court, the officer testified that in response to his inquiry, the wounded person stated that Dozie Freeman had shot him. Other witnesses told him that a pistol was used.

R. O. Olive, a homicide detective for the Houston Police Department, testified that on January 11, 1981, he talked to appellant on the telephone and asked him to come to the office to make a written statement. On January 14, 1981, appellant came to his office and made a written statement, after being advised of his rights. The statement was admitted without objection.

■ The independent evidence necessary to corroborate an accused's extrajudicial confession is evidence establishing the corpus delecti of the charged offense. However, proof of the corpus delecti need not be established solely by independent evidence. The rule has been stated as follows:

> [P]roof of the corpus delecti may not be made by an extrajudicial confession alone, but proof of the corpus delecti need not be made independent of an extrajudicial confession. If there is some evidence corroborating the confession, the confession may be used to aid in establishment of the corpus delecti. (cited cases omitted.)

*Self v. State*, 513 S.W.2d 832, 835 (Tex.Cr. App.1974). Thus, in the instant case, if some probative evidence was admitted at trial that corroborates the appellant's confession, the confession may properly be used to establish the corpus delecti of attempted murder.

The Texas criminal attempt statute, Tex. Penal Code Ann. § 15.01(a) (Vernon Supp. 1980–1981), provides that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." The corpus delecti, then, of attempted murder would be the performance of an act with intent to cause the death of some person.

The evidence offered at trial that corroborates appellant's confession includes:

(1) Officer Stavinoha going to 2411 McKee street in Houston;

(2) the officer observing a wounded man at that address;

(3) the wounded man appeared to be "shot" several times; and

(4) the wounded man was named Roy Grant.

The evidence offered at trial, independent of the appellant's confession, thus establishes the "act", namely, the shooting. In addition, the independent evidence establishes the identity of the victim to be Roy Grant. The appellant argues in his brief, and during oral submission, that no independent probative (non-hearsay) evidence was introduced to identify the victim as Roy Grant. Appellant directs our attention to the only testimony offered at trial identifying the victim:

"Q. (By the State) Did you learn the name of the complaining witness to be Roy Grant?

"A. (By Officer Stavinoha) Yes, Sir."

Appellant characterizes this evidence as clearly hearsay and not probative of the victim's identity. While it is true that hearsay evidence is no evidence of the fact to be proved, *Lumpkin v. State*, 524 S.W.2d 302 (Tex.Cr.App.1975), there is no showing by appellant that Officer Stavinoha did not have personal knowledge of the victim's identity.

Officer Stavinoha's statement identifying the victim is silent regarding the origin of that knowledge. Had there been an objection to Officer Stavinoha's identification of the victim, or if the matter had been pursued on cross-examination, the character of the officer's knowledge may have been determined. However, absent an objection, the source of Officer Stavinoha's knowledge of the identity of the victim remains unknown, and may just as well be based on personal knowledge as not.

A similar problem regarding the character of testimony occurred in *Hughes v. State*, 508 S.W.2d 167 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.), where the character of the evidence offered to establish the age of the juvenile defendant was challenged. The court stated:

[g]enerally speaking, the requirement of personal knowledge of the facts to be proved is a necessary qualification of the witness, and it would seem that the party offering the witness should have the burden of proof of the qualification before the substantive testimony may be elicited from the witness, and the opposing party should be accorded the right to cross-examine at that time as to such qualification. But, on occasion the party offering the witness omits this preliminary proof of personal knowledge, and no objection is made by the opposite party. In such event, by failing to object, the opponent waives the requirement that the party prove that his witness have personal knowledge of the facts before offering the substantive evidence, and if the wit-

ness' subsequent testimony is such as, so far as appears from the record, might have been within his personal knowledge, the opposing party cannot complain (cited cases omitted).

Id. at 169. Also see R. Ray, Texas Law of Evidence § 793 (Texas Practice 3rd ed. 1980). Nothing in the record before us demonstrates that Officer Stavinoha relied on the statement of another person in determining the identity of the victim.

■ Thus, the independent evidence offered to corroborate the confession and establish the corpus delecti includes the act committed and the identity of the victim. Although the independent evidence does not establish the means used to shoot Mr. Grant, reference to appellant's confession reveals that Mr. Grant was shot with a pistol. A pistol is a deadly weapon, per se. The use of a pistol to shoot another person creates the presumption of intent to kill. *Williams v. State*, 567 S.W.2d 507 (Tex.Cr. App.1978).

■ We conclude that sufficient corroborative evidence was offered at trial to allow use of appellant's confession to assist in establishing the corpus delecti of the instant offense. No complaint is made of the voluntariness or admissability of appellant's confession. The first ground of error is overruled.

■ By his second ground, appellant argues that the double jeopardy clauses of the Texas and U.S. Constitutions were violated by appellant's convictions for both attempted murder and aggravated assault on the same person in the same transaction.

The record reflects that at the close of arguments the trial court found appellant guilty of both offenses in the indictment. However, when pronouncing sentence, the court stated:

"The Court having found you guilty of intent (sic) to commit murder and there is a prior final conviction of a felony in evidence stipulated to; the Court will assess punishment at 40 years."

At sentencing, after overruling appellant's motion for new trial, the court stated:

"It is the order of this court that you, Dozie Freeman, has (sic) been adjudged to be guilty of the offense of attempted murder as a second offender, Cause No. 328,331, punishment assessed at confinement in the State penitentiary for forty years . . ."

Both the judgment and sentence state that appellant was found guilty of attempted murder and aggravated assault and ordered that he be sentenced to forty years confinement.

A defendant cannot be convicted for more than one offense arising from the same transaction. However, in view of the court's statements made at the time punishment was assessed, and at formal sentencing, it is clear the punishment related to the attempted murder count in the indictment. Additional support for this conclusion is found in Chapter 12—the punishment section—of the Texas Penal Code. The range of punishment available for a conviction for attempted murder, enhanced by one prior felony conviction, is that of first degree felony—five to ninety-nine years. The available range of punishment for aggravated assault, enhanced by one prior felony conviction, is that of a second degree felony— two to twenty years. Tex. Penal Code Ann. §§ 12.32, 12.33 (Vernon Supp. 1980–1981, Vernon 1974). The punishment assessed in the instant case—not less than five nor more than forty years—coincides only with the conviction for attempted murder, as enhanced. Therefore, we order that the judgment and sentence be reformed to reflect that appellant was found guilty of attempted murder, enhanced by one prior felony conviction, and sentenced to not less than five nor more than forty years confinement in the Texas Department of Corrections, and that the recitations in the judgment and sentence that appellant was found guilty of the offense of aggravated assault be deleted from the judgment and sentence. *Beaupre v. State*, 526 S.W.2d 811, 816 (Tex. Cr.App.1975).

Appellant's second ground of error is overruled.

The judgment is ordered reformed as stated above, and as reformed, affirmed.