Martin Vargas RIVERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00467–CR.

Court of Appeals of Texas,
Dallas.

May 27, 1986.

Rehearing Denied July 21, 1986.

Michael C. Walters, Dallas, for appellant.

Ruth Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before VANCE, MALONEY[1] and McCLUNG, JJ.

McCLUNG, Justice.

As the result of a nearly head-on collision, Martin Vargas Rivera was charged with causing serious bodily injury while driving while intoxicated. Tex.Rev.Civ. Stat.Ann. art. 6701*l*–1(f) (Vernon Supp. 1986). Upon a new trial motion filed jointly by appellant's attorney and the State, appellant was convicted of this offense on retrial and was sentenced to serve two years in county jail and pay a $600 fine. However, appellant's first trial for this offense resulted in his conviction only of the lesser included offense of driving while intoxicated which implicitly acquitted him of the greater offense for which he was retried. As unassigned error, we hold that appellant's retrial for the greater offense was barred by former jeopardy. Accordingly, we reverse trial court's judgment.

Following the automobile accident, the State filed an information with a supporting affidavit alleging that appellant collided with another vehicle because he was driving while intoxicated and that the accident resulted in serious bodily injury to the driver of the other vehicle. After several resettings, appellant's case was set for trial on January 15, 1985. Appellant did not appear until the following afternoon after the court had completed its docket for the day and the prosecuting attorney had left the courtroom. Through his attorney, appellant informed the court that he wished to plead guilty, and the trial court proceeded to adjudicate appellant's guilt in an unrecorded hearing of which the State was not notified and in which the State did not participate. Appellant's attorney prepared a form in which appellant announced his plea of guilty, waived his right to jury trial, and made the following judicial confession:

... [O]n the 10th day of May, 1984, in Dallas County, Texas [appellant] ... operated a motor vehicle in a public place, ... a street and highway, while intoxicated in that [appellant] did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol in[to appellant's] body and [appellant] had an alcohol concentration of at least 0.10 percent.

Noticing that neither the confession nor the presentence report mentioned the infliction of any serious bodily injuries, the trial judge placed appellant under oath and questioned him regarding whether anyone was seriously injured in the accident. Appellant answered that the passengers of the car were taken to the hospital but that they were treated and released and that there were no serious injuries. In fact, the driver of the other vehicle had suffered severe head and facial injuries, a broken rib, and a punctured lung. The passengers, three of his sons, also suffered injuries such as a concussion, fractured skull,

---

1. Justice Maloney not participating.

and lacerations. However, the trial judge, apparently unaware of these facts, entered and signed the following notation in his docket sheet:

### JUDGMENT

On this *16th* day of *Jan[uary]*, *1985* [, appellant] waived trial by jury and entered plea of guilty. Judgment of Court: Guilty as charged and defendant assessed confinement in the County Jail of *30* days and fine of *$300* plus costs of Court. Jail term probated *24* months, see order.[2]

Contrary to the recitation that appellant was "guilty as charged," the trial judge later testified at a hearing on a recusal motion that he had believed, based on appellant's testimony, the representations of his attorney, and the presentence report, that the State had alleged more than it could prove. He therefore found appellant guilty only of the lesser included offense of driving while intoxicated.

After adjudicating appellant's guilt and granting probation, however, the trial judge learned from a prosecuting attorney that appellant may have misled the court. The judge telephoned the complainant, confirmed that the complainant had in fact suffered serious injuries, and told the complainant that the case would be tried anew. The next morning, the trial judge conferred in chambers with appellant's attorney, who filed a new trial motion following this conference in which the State joined at the trial judge's invitation. As in the first trial, appellant again waived his right to a jury trial and pleaded guilty before the court. After hearing the testimony of the complainant and an eyewitness to the collision, the trial court found appellant guilty of causing serious bodily injury while driving while intoxicated and assessed punishment. From this judgment, appellant brings this appeal with the assistance of different legal counsel.

■ Although appellant does not complain on the ground of former jeopardy, we are bound to review the question as unassigned error because of the fundamental nature of the constitutional right in question. *See Bass v. State,* 427 S.W.2d 624, 628 (Tex.Crim.App.1968); *McClellan v. State,* 413 S.W.2d 391, 392–93 (Tex.Crim. App.1967); *cf. Benton v. Maryland,* 395 U.S. 784, 793–95, 89 S.Ct. 2056, 2061–63, 23 L.Ed.2d 707 (1969) (holding that substantive due process requires application of fifth amendment double jeopardy prohibition to the states). Generally, the double jeopardy clause of the fifth amendment prohibits more than one opportunity to prosecute an accused for the same offense. U.S. Const. amends. V, XIV; Tex.Const. art. 1, § 14; Tex.Code Crim.Proc.Ann. art. 1.10 (Vernon 1977). Of course, it is well-settled that, when a defendant obtains a new trial, his former *conviction* does not constitute jeopardy because the accused has a full opportunity to relitigate his guilt as if the prior adjudication had not occurred. *United States v. Ball,* 163 U.S. 662, 664, 16 S.Ct. 1192, 1192, 41 L.Ed. 300 (1896); *see North Carolina v. Pearce,* 395 U.S. 711, 721, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969). However, if the trier of fact or an appellate court determines that the State has failed to prove all or part of its case against the accused, then the defendant is protected from reprosecution by the double jeopardy prohibition to the extent of the acquittal in his former case. *Bullington v. Missouri,* 451 U.S. 430, 445, 101 S.Ct. 1852, 1861, 68 L.Ed.2d 270 (1981); *see also Greene v. Massey,* 437 U.S. 19, 24–26, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 16–17, 98 S.Ct. 2141, 2149–50, 57 L.Ed.2d 1 (1978). Therefore, we must first determine the effect of the prior adjudication of appellant's case.

As previously noted, the record contains conflicting information. If the entry on the docket sheet were dispositive of this question, we would be constrained to hold

---

**2.** This judgment consisted of a preprinted form with the blanks having been filled in by hand. The order referred to was also noted on the docket which contained the terms of appellant's probation.

that the trial court found appellant guilty of the full offense with which he was charged. In that event, however, we would be required to remand the case because the punishment assessed by the trial court was below the minimum permissible under article 6701*l*-1(f), which provides for a minimum fine of $600. *See Mersiovsky v. State,* 638 S.W.2d 527, 530 (Tex.App.—Tyler 1982, no pet.); *e.g., Jenkins v. State,* 615 S.W.2d 231, 232 (Tex.Crim.App.1981) (where trial court assessed less than minimum punishment for D.W.I., cause remanded for reassessment of punishment). On the other hand, if the trial judge's statements in the record concerning the outcome of this proceeding are controlling, we would be confronted squarely with the partial acquittal exception to the new trial exception to the former jeopardy prohibition. Although our research reveals no cases on point, we hold that the "judgment" must be viewed in light of the judge's statements that he convicted appellant only of the lesser included offense of driving while intoxicated.

■ Under Texas law, an error in the entry of judgment may be corrected by a nunc pro tunc order by the trial court so long as the order seeks to correct an error that occurred other than through judicial reasoning. *See Alvarez v. State,* 605 S.W.2d 615, 617 (Tex.Crim.App.1980). Further, under article 44.24 of the Code of Criminal Procedure, the powers of the appellate courts to reform judgments include reformation of whatever the trial court could have corrected by a judgment nunc pro tunc where the information necessary to correct the judgment appears in the record. *Barecky v. State,* 639 S.W.2d 943, 945 (Tex.Crim.App.1982); *Gibson v. State,* 488 S.W.2d 462, 463 (Tex.Crim.App.1972).

In *Freeman v. State,* 630 S.W.2d 868, 872 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd), the court of appeals confronted a similar situation. In that case the judgment and sentence recited that appellant was convicted of both attempted murder and aggravated assault on the basis of the same transaction which was then impermis-sible under the now-abandoned "carving rule." In light of the trial judge's statements and the fact that the punishment assessed was beyond the permissible range for aggravated assault but within the range of punishment for attempted murder, the court in *Freeman* concluded that it had sufficient data from the record to reform the trial court's judgment to delete the reference to the aggravated assault conviction. *Id.* at 872.

■ Although the record in the present case contains no formal judgment, it indicates in unequivocal testimony from the trial judge while under oath that as the trier of fact he had found appellant guilty only of the lesser included offense of driving while intoxicated. Also, the punishment assessed by the trial judge in the first trial corroborates his statements that he convicted appellant of a lesser included offense because, as in *Freeman,* the punishment assessed is outside the range of punishment permissible for the offense recited in the judgment but within the range allowed for the judgment when viewed in light of the trial judge's statements. *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1(c,f) (Vernon Supp.1986). The only information contradictory to the trial judge's testimony concerning his verdict is the recitation in the judgment that appellant was found "[g]uilty as charged." Because this statement was a routine recitation in a pre-printed form, we find inescapable the conclusion that the trial judge inadvertently overlooked this sentence when filling in the blanks of the form and that it does not reflect the true outcome of the appellant's first trial. Therefore, we hold that when made to speak the truth, the record would show that appellant, although convicted of driving while intoxicated, was acquitted of causing serious bodily injury and was assessed punishment within the range allowed by statute. According to *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977), an acquittal includes the ruling of the trial judge, whatever its label, which actually represents a resolu-

tion, regardless of whether it is correct or not, in the defendant's favor of some or all of the elements of the offense charged. *See also Ball,* 163 U.S. at 671, 16 S.Ct. at 1195 (stating that verdict of acquittal precludes reprosecution even if no judgment to that effect is entered). Thus, if this proceeding was not void for some other defect, this partial acquittal would by virtue of the double jeopardy clauses of the state and federal constitutions bar his retrial for the greater offense with which appellant was charged.

In response to a point raised in appellant's brief, the State asserts that the proceedings were void because the punishment assessed was below the statutory minimum, because the trial court did not enter a plea of not guilty when defendant denied that the accident caused serious bodily injury, and because the State was not present to present evidence. Our interpretation of the effect of the first trial renders the first proposition moot. We note in passing, however, that in *Ramirez v. State,* 587 S.W.2d 144, 146 (Tex.Crim.App.1979), the court of criminal appeals rejected the same argument by saying that punishment outside the statutory range does not render the entire judgment void. Instead, it only invalidates the sentence.

The opinion in *Ramirez* also answers the State's remaining arguments that the conviction was void.

> In *Benard v. State,* [481 S.W.2d 427, 430 (Tex.Crim.App.1972)], we stated that "[i]t is generally recognized that a void proceeding has no effect in support of a plea of former conviction." What the opinion meant by "void proceeding" can be gleaned from an examination of the authorities cited to support that statement, all of which stood for the principle that a conviction or acquittal in a court without jurisdiction is a nullity and will not support a plea of former conviction or acquittal.

*Ramirez,* 587 S.W.2d at 147.

■ Article 4.07 of the Code of Criminal Procedure provides that "[t]he county courts shall have jurisdiction of all misdemeanors of which exclusive jurisdiction is not given to the justice court and when the fine to be imposed shall exceed two hundred dollars." Because causing serious bodily injury while driving while intoxicated is punishable by confinement in jail and is contained in the civil statutes rather than the penal code, it is classified as a misdemeanor. Tex.Penal Code Ann. § 12.41(2) (Vernon 1974); *see also* Tex.Rev.Civ.Stat. Ann. art. 6701*l*-1(f) (Vernon Supp.1986). Article 6701*l*-1(f) also clearly specifies a minimum fine in excess of two hundred dollars. The justice court would have no jurisdiction over this offense because it is punishable by imprisonment. *See Ex parte Morris,* 168 Tex.Crim.R. 281, 325 S.W.2d 386, 388 (1959). Thus, the jurisdictional prerequisites were satisfied and the first proceeding, having been initiated by valid information, is not void regardless of the procedural irregularities involved in proceeding to trial without the State having been notified or represented, and in finding appellant guilty of a lesser included offense.

■ The State also contends that under *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), appellant's first trial did not constitute jeopardy and, therefore does not bar reprosecution for the same offense because the State did not have a full and fair opportunity to convict. In light of the nature of this proceeding, this argument has considerable appeal at first blush. However, further contemplation and study of the Supreme Court's opinion in *Johnson* reveals two problems with the State's position. First, the case before the Supreme Court involved a situation in which the accused sought to avoid reprosecution on the ground that the trial court *dismissed* the greater offenses after accepting the accused's plea of guilty rather than an acquittal of the greater offense as in the case at bar. *See Johnson,* 104 S.Ct. at 2542. The Court pointed out this distinction expressly:

> [The accused] has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had

the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. *Cf. Price v. Georgia,* 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970); *Green v. United States,* 355 U.S. 184, 191, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957). There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the state its right to one full and fair opportunity to convict those who have violated laws. *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978).

*Id.* Unlike *Johnson* and even though the State was not present, appellant was exposed to conviction for the full offense charged when he pleaded guilty to the information because his guilty plea authorized the trial court to convict him of that offense regardless of whether the State presented any evidence. When a person accused of a misdemeanor pleads guilty, the trial court is authorized to find him guilty and assess punishment without the presentation of any evidence whatsoever. *Brown v. State,* 507 S.W.2d 235, 238 (Tex. Crim.App.1974); Tex.Code Crim.Proc.Ann. § 27.14(a) (Vernon Supp.1986).

■ Accordingly, we hold that appellant was subjected to the possibility of conviction in the first trial of the full offense charged and that his reprosecution is barred by the fifth and fourteenth amendments, as well as article one, section fourteen of the Texas Constitution, by virtue of that former jeopardy. To hold otherwise on the grounds raised by the State would, in effect, be tantamount to allowing the State to appeal nonjurisdictional defects in the first trial which favor the defendant, which is not permitted under our present criminal procedures. Tex.Code Crim.Proc. Ann. art. 44.01 (Vernon Supp.1986). In holding that appellant's reprosecution for causing serious bodily injury is barred by the double jeopardy prohibition, however, we are not unmindful of the general rule that an accused cannot raise a double jeopardy claim to bar his reprosecution where he *procures* the first proceeding fraudulently or collusively with the intent to preclude the full consequences of his criminal conduct by arranging his conviction of a lesser offense. *E.g., Richardson v. State,* 109 Tex.Crim. 403, 5 S.W. 141 (1928); *Wilson v. State,* 16 Tex. 246 (1856).

This exception is basically an offshoot of the rule that, if the accused's fate rests in his own hands, then he has not been in jeopardy and is, therefore, subject to reprosecution. *See Warriner v. State,* 3 Tex. Ct.App. 104, 106 (1877). Thus, if appellant had, by fraud or collusion, arranged to be charged with driving while intoxicated to avoid conviction of causing serious bodily injury, then his reprosecution would not be barred. However, nothing in the record even remotely supports this scenario. *See Benard v. State,* 481 S.W.2d 427, 430–31 (Tex.Crim.App.1972). The record reflects not that appellant arranged the foregoing hypothetical, but that he was, as discussed above, subjected to the full consequences of his act and would have suffered the same but for the verdict reached by the trial judge. Even though this decision was incorrect, it does not now allow the State to circumvent the constitutional bar to reprosecution for an offense of which appellant was implicitly acquitted.

Having concluded that appellant's reprosecution was constitutionally impermissible, we must next determine the appropriate remedy. Following the first trial, the discovery of the fact that complainant had suffered serious injuries, and the conference with the trial judge, appellant's counsel filed a motion for new trial. Appellant alleges on appeal that he was not consulted concerning this action and that he did not authorize it. The trial attorney testified

that he told appellant that the State would file a new trial motion, which he believed the trial judge would be inclined to grant, and that he encouraged appellant to agree to a new trial because the State would otherwise seek to file perjury charges against him. This attorney admitted on cross-examination, however, that regardless of the new trial motion, the State could still have charged appellant with perjury. Appellant claims that such conduct constituted ineffective assistance of counsel.

■ Without deciding which version of events is in fact correct, we hold that in light of the recent opinion of the court of criminal appeals in *Jackson v. State*, No. 115–84 (Tex.Crim.App., July 24, 1985) (not yet reported), and even if we accept the trial counsel's version of the events precipitating the new trial motion, appellant received ineffective assistance as a matter of law. In *Jackson*, the court held that counsel's failure to inform the accused that on retrial he could not receive more severe punishment if he elected to have the trial judge who assessed punishment in the first trial to reassess punishment rendered his assistance ineffective as a matter of law. The court determined that the proper remedy, in view of the fact that appellant had already obtained a new trial, was to reverse and remand the cause for another trial, which in effect gave the accused the opportunity to make an informed choice regarding who would assess punishment—a choice of that nature having been denied by his lawyer's error.

Assuming, solely for purposes of this opinion and without so deciding, that appellant's attorney advised appellant to request a new trial for the reasons stated in his testimony, it is apparent that he failed to inform appellant of several factors: (1) that the State cannot request a new trial or appeal an adverse judgment, Tex.Code Crim.Proc.Ann. art. 40.02, 44.01 (Vernon

1979); (2) that the trial judge has no power to grant a new trial motion sua sponte, *Ex parte Ybarra*, 629 S.W.2d 943, 945 (Tex. Crim.App.1982); (3) that appellant could not be reprosecuted for causing serious bodily injury while driving while intoxicated; and (4) that a new trial would not legally prevent the State from filing perjury charges if it chose to do so.[3] Under the rationale of *Jackson*, appellant could not have made an informed decision to request a new trial because without this information he was not aware of the full consequences of his decision. Therefore, to afford appellant an opportunity to make this choice with full awareness of its attendant consequences, the judgment of the trial court is reversed and the cause is remanded with instructions to proceed in a manner not inconsistent with this opinion. Specifically, the trial court shall set aside its order granting the new trial motion filed following the first trial, correct its docket sheet to reflect that appellant was found guilty only of driving while intoxicated, and enter a formal written judgment in compliance with article 42.01 of the Code of Criminal Procedure. The formal judgment shall reflect that appellant was convicted only of driving while intoxicated, that the trial court assessed punishment at thirty days in jail and a three-hundred dollar fine, and that the imposition of sentence is suspended with appellant placed on probation for two years. The time for appellant to file a new trial motion, if any, shall be deemed to begin to run from the date of the issuance of the mandate of this court.

**3.** After the Supreme Court's decision in *Texas v. McCullough*, —— U.S. ——, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), appellant would now need to be informed that if he opted for a new trial and assessment of punishment by the trial

judge, the judge could justify increased punishment based on the facts surrounding the offense which were not before him in the original trial. *See McCullough*, 106 S.Ct. 980–982.